UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CULLEN DUKE, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>AMAZON.COM SERVICES LLC,<br><br>      Defendant. | No. 2:26-cv-00183-SKV<br><br>AMAZON'S MOTION TO DISMISS COMPLAINT<br><br>NOTE ON MOTION CALENDAR: August 17, 2026[1]<br><br>*ORAL ARGUMENT REQUESTED* |

---

[1] Based on stipulated briefing schedule. *See* Dkts. 35, 36.

AMAZON'S MOTION TO DISMISS
(No. 2:26-cv-00183-SKV)

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................................1

II.  BACKGROUND ...................................................................................................2

III. LEGAL STANDARD ...........................................................................................3

IV.  ARGUMENT .........................................................................................................3

    A.   Duke's CPA Claims Fail Because Sales Tax Collection is Not "Trade or Commerce" and Duke Does Not Allege Any Unfair or Deceptive Practice. .......3

        1.   Tax collection is not "trade or commerce." ..............................................4

        2.   Alleged sales tax miscalculation is not "unfair or deceptive." .................5

    B.   Duke's Conversion Claim Fails Because He Authorized the Transaction and Sales Tax is Not an Identifiable Asset. ...........................................................9

    C.   Duke's Unjust Enrichment Claim Fails Because An Express Contract Governs And Amazon Did Not Receive a Benefit. ...........................................10

V.   CONCLUSION....................................................................................................11

AMAZON'S MOTION TO DISMISS
(No. 2:26-cv-00183-SKV) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................................3, 11

*Aziz v. Knight Transp.*,
    2012 WL 3596370 (W.D. Wash. Aug. 21, 2012) ...................................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................................3

*Chavez v. United States*,
    683 F.3d 1102 (9th Cir. 2012) ...............................................................................3

*Direct Mktg. Ass'n, Inc. v. Bennett*,
    916 F.2d 1451 (9th Cir. 1990) ...............................................................................5

*Erickson v. Pardus*,
    551 U.S. 89 (2007).....................................................................................................3

*Gray v. Amazon.com, Inc.*,
    653 F. Supp. 3d 847 (W.D. Wash. 2023), *aff'd*, 2024 WL 2206454 (9th Cir. 2024) ................6

*James v. Aldi, Inc.*,
    2021 WL 2896837 (W.D. Pa. July 9, 2021) .................................................5, 7, 10

*Larsen v. PTT, LLC*,
    737 F. Supp. 3d 1076 (W.D. Wash. 2024).............................................................8

*Lisowski v. Walmart Stores, Inc.*,
    552 F. Supp. 3d 519 (W.D. Pa. 2021), *aff'd*, 2022 WL 2763698 (3d Cir. July 15, 2022).....4, 5

*McLean v. Big Lots Inc.*,
    542 F. Supp. 3d 343 (W.D. Pa. 2021)..................................................................4, 6

*Minnick v. Clearwire US, LLC*,
    683 F. Supp. 2d 1179 (W.D. Wash. 2010)........................................................10, 11

*Ranalli v. Etsy.com, LLC*,
    570 F. Supp. 3d 301 (W.D. Pa. 2021)..............................................................10, 11

*Reliance Ins. Co. v. U.S. Bank of Wash., N.A.*,
    143 F.3d 502 (9th Cir. 1998) ...............................................................................10

AMAZON'S MOTION TO DISMISS
(No. 2:26-cv-00183-SKV) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Taylor v. Amazon.com, Inc.*,
2025 WL 104381 (W.D. Wash. Jan. 15, 2025)................................................................5, 7, 8

*Trader Joe's Co. v. Hallat*,
835 F.3d 960 (9th Cir. 2016) ...............................................................................................5

*Van Buren v. Walmart, Inc.*,
611 F. Supp. 3d 30 (D. Md. 2020), *aff'd*, 855 F. App'x 156 (4th Cir. 2021) ...........................6

**State Cases**

*Alhadeff v. Meridian on Bainbridge Island, LLC*,
167 Wn.2d 601 (2009) ..........................................................................................................9

*Austin v. Ettl*,
171 Wn. App. 82 (2012) ......................................................................................................11

*Blass v. Rite Aid of Conn., Inc.*,
16 A.3d 855 (Conn. Super. Ct. 2009), *aff'd*, 16 A.3d 737 (Conn. App. Ct. 2011)...................5

*Chandler v. Wash. Toll Bridge Auth.*,
17 Wn.2d 591 (1943) ..........................................................................................................10

*Eng v. Specialized Loan Servicing*,
20 Wn. App. 2d 435 (2021) ..................................................................................................6

*Feeney v. Dell Inc.*,
908 N.E.2d 753 (Mass. 2009) ...............................................................................................4

*Fid. Mort. Corp. v. Seattle Times Co.*,
131 Wn. App. 462 (2005) .....................................................................................................4

*Garcia v. Am. Eagle Outfitters, Inc.*,
331 A.3d 541 (Pa. 2025) ...................................................................................................4, 5

*Greenberg v. Amazon.com, Inc.*,
3 Wn.3d 434 (2024), *as amended* (Aug. 16, 2024)................................................................7

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
105 Wn.2d 778 (1986) ..........................................................................................................3

*Panag v. Farmers Ins. Co. of Wash.*,
166 Wn.2d 27 (2009), *recons. denied*, 2025 WL 623738 (W.D. Wash. Feb. 26, 2025). ..........5

*Pub. Util. Dist. No. 1 of Lewis Cnty. v. Wash. Pub. Power Supply Sys.*,
104 Wn.2d 353 (1985), *modified*, 713 P.2d 1109 (1986) ................................................9, 10

*Schiff v. Liberty Mut. Fire Ins. Co.*,
2 Wn.3d 762 (2024) ..............................................................................................................8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**State Statutes**

MASS. GEN. LAWS ANN. Chapter 93A, § 1(b)..............................................................4

RCW 19.86.010(2)..............................................................................................5

T.C.A. § 67-6-514.........................................................................................6, 9, 11

T.C.A. § 67-6-515(a) ...........................................................................................2

T.C.A. § 67-6-515(e) ....................................................................................2, 8, 9

T.C.A. § 67-6-538(d)...........................................................................................2

**Rules**

Fed. R. Civ. P. 11...............................................................................................6

Fed. R. Civ. P. 12(b)(6)........................................................................................3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I.    INTRODUCTION

This is a dispute about the calculation of sales tax under Tennessee law. Plaintiff Cullen Duke alleges that Defendant Amazon.com Services LLC ("Amazon") calculated Tennessee sales tax on purchases delivered to his Tennessee home at a slightly higher rate than called for under Tennessee law. Duke attempts to recast a routine Tennessee tax dispute as a Washington consumer class action to circumvent multiple Tennessee provisions that bar exactly this type of class claim. But Duke's gambit does not work even under Washington law,[2] and each of his claims fails as a matter of law:

*First*, Duke's Washington Consumer Protection Act ("CPA") claims fail because Amazon's collection of Tennessee sales tax, on behalf of the state of Tennessee, is not "trade or commerce" under the CPA. Duke also fails to allege any unfair or deceptive act: Amazon disclosed to Duke the estimated sales tax before his purchases, and then collected and remitted those amounts to the state of Tennessee. Duke's sole complaint is that Amazon supposedly miscalculated the applicable Tennessee tax rate, which is not actionable under the CPA.

*Second*, Duke's conversion claim fails because Amazon neither wrongfully took nor retained his money. Duke authorized his purchases, including Amazon's collection of the fully disclosed sales tax—which belonged to and was remitted to the state of Tennessee. Further, the Tennessee sales tax collected and remitted to Tennessee does not constitute specific, identifiable funds as required to support a conversion claim.

*Third*, Duke's unjust enrichment claim fails because the parties' relationship is governed by Amazon's Conditions of Use, and unjust enrichment is unavailable where an express contract governs. Duke also does not plausibly allege that Amazon retained any benefit from the alleged tax overcollections, which were remitted to the state of Tennessee.

Duke's claims all fail and his complaint should be dismissed with prejudice.

---

[2] Amazon disagrees with Duke's position that Washington law governs this Tennessee tax dispute. For purposes of this motion, however, the Court need not address choice-of-law because Duke's claims fail under Washington law as pled in the complaint. If the Court does not dismiss, Amazon reserves all rights to challenge Duke's attempt to assert under Washington law a claim that properly arises, if at all, under Tennessee law.

AMAZON'S MOTION TO DISMISS
(No. 2:26-cv-00183-SKV) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## II.    BACKGROUND

Plaintiff Cullen Duke is a resident of Sullivan County, Tennessee, outside the municipal boundaries of Kingsport.  Dkt. 1-2, Ex. B ("Compl.") ¶¶ 3, 14.  Amazon operates the Amazon.com store, which allows third-party sellers to offer goods for sale to consumers.  *Id.* ¶¶ 10–11.  Duke alleges that he purchased several items through the Amazon.com store from third-party sellers.  *Id.* ¶ 14.  Each purchase was allegedly shipped to and received at Duke's residence in Tennessee.  *Id.*

Duke alleges that Amazon "calculated and collected sales tax on [his] purchases at a rate higher than the rate applicable to his shipping address under Tennessee law."  *Id.* ¶ 1.  He alleges that his residence is located in a tax jurisdiction with a combined Tennessee state and local sales tax rate of 9.25% for non-food items, and that Amazon calculated and collected 9.50% Tennessee sales tax on several of his purchases from third-party sellers.  *Id.* ¶¶ 14–22.  Duke acknowledges he repeatedly continued to order products from the Amazon.com store despite knowing of the allegedly excessive Tennessee sales tax collections.  *See, e.g.*, ¶¶ 21–22 (acknowledging that Duke, after notifying Amazon of alleged excessive tax rate, continued to make purchases disclosing that same rate).

There is no dispute that Tennessee law sets the sales tax rate applicable to goods sold to Tennessee residents.  The complaint alleges Amazon is a "marketplace facilitator."  *Id.* ¶ 2. Under Tennessee law, marketplace facilitators, like other retailers, are required to collect sales tax on behalf of the state on goods sold to Tennessee residents and remit that tax to the state.  *See* T.C.A. § 67-6-515(a).  Tennessee law also expressly bars class actions against marketplace facilitators like Amazon, instead providing a mechanism for consumers to bring individual refund claims.  *See id.* §§ 67-6-515(e), 67-6-538(d).

Duke brings a putative class action under Washington law on behalf of "[a]ll Amazon customers who, on or after December 12, 2021, purchased goods or services from marketplace sellers through Amazon's marketplace for which Amazon collected sales tax at a rate higher than the rate" set by Tennessee tax law.  Compl. ¶ 30.  Duke seeks restitution, damages, attorneys'

AMAZON'S MOTION TO DISMISS
(No. 2:26-cv-00183-SKV) - 2

fees and costs, and pre- and post-judgment interest, as well as a declaratory order that the alleged overcollection of Tennessee sales tax "violates Washington law." *Id.* at 17 ¶¶ B–G.

### III.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible only if it contains sufficient facts to support a "reasonable inference" of liability.  *Id.*  If the pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," dismissal is warranted.  *Id.* at 679.  The complaint must provide "fair notice of what the claim is and the ground upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up).  In assessing the sufficiency of a pleading, the court accepts well-pled facts as true but "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

### IV.    ARGUMENT

**A.    Duke's CPA Claims Fail Because Sales Tax Collection is Not "Trade or Commerce" and Duke Does Not Allege Any Unfair or Deceptive Practice.**

To state a CPA claim, Duke must establish (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) that impacts the public interest, and (4) caused (5) injury to Duke's business or property. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986).  "[T]he finding that [any one] element is not met is fatal to plaintiffs' claim." *Id.* at 793.

Duke's CPA claims fail because (a) Amazon's collection of Tennessee state sales taxes is not "trade or commerce" under the CPA, and (b) any alleged miscalculation of the sales tax charged—which Duke admits was fully disclosed to him before purchasing—is not an unfair or deceptive act or practice under the CPA.

AMAZON'S MOTION TO DISMISS
(No. 2:26-cv-00183-SKV) - 3

### 1. Tax collection is not "trade or commerce."

The CPA applies only to conduct occurring in "trade or commerce," defined as "'the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington.'" *Fid. Mort. Corp. v. Seattle Times Co.*, 131 Wn. App. 462, 468 (2005) (quoting RCW 19.86.010(2)).  Collecting sales tax on behalf of a state is "divorced from private profit" and therefore does not qualify as "trade or commerce." *Lisowski v. Walmart Stores, Inc.*, 552 F. Supp. 3d 519, 529 (W.D. Pa. 2021) (cleaned up), *aff'd*, 2022 WL 2763698 (3d Cir. July 15, 2022).

Courts applying analogous consumer protection statutes have uniformly agreed.[3]  These decisions reflect the straightforward principle that collecting taxes on the government's behalf is a legal requirement, not a commercial transaction.  For example, in *Feeney v. Dell Inc.*, 908 N.E.2d 753, 770–71 (Mass. 2009), the Massachusetts Supreme Court held sales tax collections do not occur in "trade or commerce" under a statutory definition that is almost identical to (but broader than) the CPA.[4] There, the court dismissed plaintiff's consumer protection claim for improper sales tax collection, explaining:  "Even if … [defendant] was not properly charging and collecting the taxes," its collection of such taxes does not qualify as "trade or commerce." *Id.* Similarly, in *Garcia v. Am. Eagle Outfitters, Inc.*, 331 A.3d 541, 553–54 (Pa. 2025), the Pennsylvania Supreme Court held that sales tax collection does not occur "in the conduct of any trade or commerce" under Pennsylvania's consumer protection statute.  As the court explained in dismissing plaintiff's improper sales tax collection claim, "a merchant acting at the behest of the Commonwealth, as an agent thereof, is engaged not 'in the conduct of a trade or commerce.'" *Id.* (citation omitted); *see also McLean v. Big Lots Inc.*, 542 F. Supp. 3d 343, 350 (W.D. Pa. 2021)

---

[3] No Washington court construing the CPA has addressed whether collection of sales tax occurs in trade or commerce.

[4] The Massachusetts consumer protection statute broadly provides:  "'Trade' and 'commerce' shall include the advertising, the offering for sale, rent or lease, the sale, rent, lease or distribution of any services and any property, tangible or intangible, real, personal or mixed, any security … and any contract of sale of a commodity for future delivery, and any other article, commodity, or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this commonwealth."  MASS. GEN. LAWS ANN. ch. 93A, § 1(b).

AMAZON'S MOTION TO DISMISS
(No. 2:26-cv-00183-SKV) - 4

(same); *James v. Aldi, Inc.*, 2021 WL 2896837, at \*2 (W.D. Pa. July 9, 2021) (same). Connecticut courts have reached the same conclusion in rejecting Connecticut consumer protection claims based on improper sales tax collection: "The miscollection of taxes, whether negligent or intentional, does not constitute an unfair or deceptive act or practice in the conduct of any trade or commerce." *Blass v. Rite Aid of Conn., Inc.*, 16 A.3d 855, 863 (Conn. Super. Ct. 2009), *aff'd*, 16 A.3d 737 (Conn. App. Ct. 2011).

This same logic applies here. Duke's claim rests solely on Amazon's alleged overcollection of sales tax on behalf of the state of Tennessee. But in collecting sales tax from Tennessee customers and remitting it to the state, Amazon was merely fulfilling its "duty as [a] collection agent" for the government. *Direct Mktg. Ass'n, Inc. v. Bennett,* 916 F.2d 1451, 1455 (9th Cir. 1990) (citation omitted); *see also Lisowski*, 552 F. Supp. 3d at 527 ("[W]hen engaged in collecting sales tax, retailers are no different from a 'government entity' that is 'carrying out a public duty' directly" (citation omitted)); *Garcia*, 331 A.3d at 553 ("[W]hen a merchant collects sales tax, it is executing its duty, imposed by the Commonwealth, for the perpetuation and continuing vitality of government.") (cleaned up). As courts have uniformly concluded, the act of collecting taxes on behalf of the state, to be remitted to the state, is not trade or commerce.

Because Amazon's collection of sales tax is not "trade or commerce," Duke has no claim under the CPA.[5]

**2.    Alleged sales tax miscalculation is not "unfair or deceptive."**

"Whether a particular act or practice is 'unfair or deceptive' is a question of law." *Taylor v. Amazon.com, Inc.*, 2025 WL 104381, at \*4 (W.D. Wash. Jan. 15, 2025) (quoting *Panag*, 166

---

[5] Further, the CPA's trade or commerce element only applies to "the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." RCW 19.86.010(2). Duke's proposed class consists exclusively of Amazon customers with purchases shipped to Tennessee. Compl. ¶¶ 13, 30. The alleged overcollection thus occurred solely in connection with transactions directed to Tennessee residents and pursuant to Tennessee tax law. As a result, the act does not affect Washington customers and falls outside the CPA's scope. *See Trader Joe's Co. v. Hallat*, 835 F.3d 960, 977 (9th Cir. 2016) (affirming dismissal of CPA claim because defendant's alleged deception of "pass[ing] off his store as a Trader Joe's store … occur[red] only in Canada and therefore harms only Canadian consumers").

AMAZON'S MOTION TO DISMISS
(No. 2:26-cv-00183-SKV) - 5

Wn.2d at 47), *recons. denied*, 2025 WL 623738 (W.D. Wash. Feb. 26, 2025). Duke fails to allege an unfair or deceptive act sufficient to state a claim.

*No Deceptive Act.* Deception under the CPA "exists if there is a representation, omission or practice that is likely to mislead a reasonable consumer." *Eng v. Specialized Loan Servicing*, 20 Wn. App. 2d 435, 445–46 (2021) (cleaned up). Duke alleges that Amazon deceived him by "present[ing] [tax] amounts greater than those required by law." Compl. ¶ 46. But the complaint fails to identify any misleading representation. To the contrary, Duke's own allegations establish that Amazon accurately represented the amount of sales tax it would collect when he placed his orders, and then collected that amount. *See* Compl. ¶¶ 17–22. Amazon therefore did precisely what it told Duke it would do when it collected 9.50% sales tax. Duke thus cannot plausibly allege that Amazon misled him. *See Gray v. Amazon.com, Inc.*, 653 F. Supp. 3d 847, 858 (W.D. Wash. 2023) (finding no deception under the CPA where Amazon's policies disclosed the challenged practice), *aff'd*, 2024 WL 2206454 (9th Cir. 2024). A reasonable consumer shown the estimated sales tax before purchasing is not misled.

Numerous courts have found the same. In *Van Buren v. Walmart, Inc.*, the Maryland District Court dismissed a statutory consumer protection claim premised on the alleged overcollection of sales tax and noted that, when a vendor notifies a customer that it is charging sales tax, it makes "a very particular representation: that the store is going to remit that amount to the state as sales tax." 611 F. Supp. 3d 30, 39 (D. Md. 2020) (emphasis omitted), *aff'd*, 855 F. App'x 156 (4th Cir. 2021). Here, Amazon did exactly that—after accurately representing the amount of sales tax it would collect, it "remitted the sales tax to the state" and thus "that charge did not contain any misrepresentation … even if [Tennessee] only required [Amazon] to remit" a lower number in sales tax. *Id.* (emphasis omitted);[6] *see also McLean*, 542 F. Supp. 3d at 351–52 (where party "disclosed the actual pre-tax price of [the product] and the actual amount of sales

---

[6] Duke does not—and cannot consistent with Rule 11—allege that Amazon failed to remit the alleged excessive sales tax collections to Tennessee. *See* Compl. ¶ 62 (acknowledging that Amazon may have "remitted all or part of the excessive sales tax that it collected to the Tennessee Department of Revenue"); T.C.A. § 67-6-514 (requiring excessive sales tax collections to be remitted to Tennessee).

AMAZON'S MOTION TO DISMISS
(No. 2:26-cv-00183-SKV) - 6

tax collected in connection with each transaction" there is no unfair or deceptive act under state consumer protection laws); *James*, 2021 WL 2896837, at \*2 (same).

Thus, even accepting Duke's allegation that Amazon collected more sales tax than required by Tennessee tax law, the complaint alleges nothing more than a purported error in Amazon's tax rate—not a misleading representation to consumers.

***No Unfair Practice.*** A practice is unfair where: "[1] the act or practice causes or is likely to cause substantial injury to consumers [2] which is not reasonably avoidable by consumers themselves and [3] not outweighed by countervailing benefits to consumers or to competition," known as the "substantial injury test." *Taylor*, 2025 WL 104381, at \*5 (quoting *Greenberg v. Amazon.com, Inc.*, 3 Wn.3d 434, 459 (2024), *as amended* (Aug. 16, 2024)).

Duke does not satisfy the substantial injury test. He does not allege—even in a conclusory fashion—that Amazon's alleged conduct is likely to cause substantial injury. Indeed, in moving to remand, Duke specifically argued that the miscalculation at issue (1) did not involve large overcharges, but instead $3.80 for Duke, and likely $2.20 per class member, *see* Dkt. 17 at 7-8; and (2) did not impact a large number of consumers, but instead was confined to those living on the borders of limited number of Tennessee counties, *id.* at 9. The CPA does not transform every alleged tax miscalculation into an unfair act. Courts reject unfairness claims that rest solely on alleged legal noncompliance untethered from any independently unfair conduct. *See, e.g., Aziz v. Knight Transp.,* 2012 WL 3596370, at \*2 (W.D. Wash. Aug. 21, 2012) ("[T]he CPA does not impose a requirement that wages be paid in conformity with Washington law or provide a secondary enforcement mechanism for the wage and hour regulations."). Duke admits Amazon accurately represented the sales tax it would collect before he completed his purchases. *See* Compl. ¶¶ 17–22. He alleges only that "it is unfair of Amazon to calculate and collect from consumers … amounts that exceed those allowed by law." *Id.* ¶ 38. Amazon is simply collecting taxes on Tennessee's behalf and remitting them to the state. At most, Duke alleges Amazon miscalculated the amount of tax owed under Tennessee law and then remitted those excess amounts to the state—an alleged legal error, not an unfair practice. Under Duke's theory,

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

any alleged error in calculating a state-imposed charge would become an actionable CPA claim—wildly expanding its scope. But the CPA is a consumer protection statute, not a vehicle for enforcing compliance with every out-of-state regulatory regime.

Further, any injury is outweighed by the meaningful benefit Amazon's tax collection system provides to consumers and competition. Amazon processes millions of transactions across thousands of tax jurisdictions, acting as an agent of state and local governments nationwide and endeavoring in good faith to ensure that tax is collected and remitted correctly, including on sales where Amazon is not the seller of record. These efforts researching and applying the appropriate tax rate allow consumers to comply with their tax obligations with ease. Amazon's system also further competition by enabling third-party sellers, many of whom are small businesses, to operate at national scale without individually calculating sales tax on every transaction. Indeed, the Tennessee legislature recognized the significant benefits provided by marketplace facilitators such as Amazon when it introduced legislation protecting them specifically from class actions—like this one. *See* T.C.A. §§ 67-6-515(e).

Nor does Duke establish any other basis for unfairness under the CPA. Practices that "offend[] public policy" or are "immoral, unethical, oppressive, or unscrupulous" may be unfair under the CPA. *Taylor*, 2025 WL 104381, at *5. But Duke cannot establish that mere errors in calculating the applicable tax rate, such as for addresses on a city or county border, meets this standard. Duke does not allege any conduct that offended *Washington's* public policies, as required to implicate CPA unfairness. *See, e.g.*, *Schiff v. Liberty Mut. Fire Ins. Co.*, 2 Wn.3d 762, 772–76 (2024) (examining Washington state's statutory and regulatory scheme to determine whether a practice was unfair); *Larsen v. PTT, LLC*, 737 F. Supp. 3d 1076, 1088–89 (W.D. Wash. 2024) (finding operating social casinos was an unfair practice based on legislative findings within Washington's gambling statute). The underlying conduct about which Duke complains solely concerns Tennessee tax law, not any Washington authority. The complaint identifies no Washington statute, regulation, or articulated Washington policy that Amazon's conduct supposedly violates. Duke also ignores Tennessee's own public policy. Tennessee

AMAZON'S MOTION TO DISMISS
(No. 2:26-cv-00183-SKV) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

expressly bars class actions against marketplace facilitators (like Amazon) for alleged excessive tax collections. *See* T.C.A. § 67-6-515(e). And Duke makes no allegations to suggest that calculation errors like the one alleged in the complaint were anything other than a mistake, and thus cannot, implicate any conduct deemed "immoral, unethical, oppressive, or unscrupulous."

Duke's complaint about alleged errors in calculating the precise tax rate under Tennessee law does not amount to an "unfair" act under the CPA.

### B. Duke's Conversion Claim Fails Because He Authorized the Transaction and Sales Tax is Not an Identifiable Asset.

Duke cannot state a conversion claim against Amazon for two independent reasons.

*First*, Amazon did not unlawfully take or retain his money. Conversion "occurs when a person intentionally interferes with chattel belonging to another, either by taking or unlawfully retaining it, thereby depriving the rightful owner of possession." *Alhadeff v. Meridian on Bainbridge Island, LLC*, 167 Wn.2d 601, 619 (2009). A claim for conversion of money cannot lie unless the money "was *wrongfully received* by the party charged with conversion." *Pub. Util. Dist. No. 1 of Lewis Cnty. v. Wash. Pub. Power Supply Sys.*, 104 Wn.2d 353, 378 (1985), *modified*, 713 P.2d 1109 (1986) (emphasis added). A payor who "authorized" a payment cannot bring a conversion claim after the fact. *See Alhadeff*, 167 Wn.2d at 619 (affirming dismissal of conversion claim because plaintiff authorized payment of funds for a letter of credit, even though authorization was based on false certifications regarding the loan conditions).

Duke authorized each purchase—including the disclosed sales tax, *see* Compl. ¶¶ 21–22—so Amazon did not unlawfully take his funds. *See Alhadeff*, 167 Wn.2d at 619 ("KCU did not 'take' the funds in the sense of conversion, given that Alhadeff authorized Wells Fargo to issue the funds to KCU, nor did it unlawfully retain them, since KCU used the funds for the Project as agreed."). Nor does Duke allege that Amazon unlawfully retained his funds, because once collected, the sales tax belonged to the state of Tennessee and was remitted to the state. Indeed, even money collected in excess of what Tennessee tax law requires, as Duke alleges occurred here, must be remitted to the Tennessee Department of Revenue. *See* T.C.A. § 67-6-

AMAZON'S MOTION TO DISMISS
(No. 2:26-cv-00183-SKV) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

514; *see also Ranalli v. Etsy.com, LLC*, 570 F. Supp. 3d 301, 308 (W.D. Pa. 2021) (dismissing conversion claim based on excessive sales tax collections "because, not only did [plaintiff] voluntarily part with his money, but once he paid the sales tax, regardless of whether the tax was imposed correctly, it became the property of the Commonwealth"); *James*, 2021 WL 2896837, at *4 (dismissing conversion claim based on excessive sales tax collections because plaintiff did not allege "Defendants kept sales tax for their own use").  Amazon neither wrongfully received nor retained the collected sales tax, and therefore, Duke's conversion claim fails.

  ***Second*,** Duke's claim also fails because the sales tax Amazon collected is not an identifiable asset as required for conversion.  As the Washington Supreme Court has explained, "there can be no conversion of money unless … the party charged with conversion … was ***under obligation to return the specific money*** to the party claiming it." *Pub. Util. Dist. No. 1*, 104 Wn.2d at 378 (emphasis added).  Duke does not allege that the sales tax Amazon collected on his retail transactions constitutes specific and identifiable money.  The parties did not contemplate that Amazon would keep the sales tax in a separate account, nor was Amazon obligated to hold the sales tax received from Duke in escrow.  To the contrary, the amount that Duke alleges he is owed could be discharged by the payment of money generally, which defeats any claim for conversion. *See Reliance Ins. Co. v. U.S. Bank of Wash., N.A.*, 143 F.3d 502, 506 (9th Cir. 1998) (explaining that conversion "traditionally involves wrongful taking and carrying away of something tangible" and noting that a conversion claim requires the taking of "specific money").

### C.   Duke's Unjust Enrichment Claim Fails Because An Express Contract Governs And Amazon Did Not Receive a Benefit.

  Duke's unjust enrichment claim fails because he alleges the parties' relationship is governed by contract (the "Amazon COU"), and Amazon was not unjustly enriched.

  Under Washington law, "a plaintiff who is a party to a 'valid express contract is bound by the provisions of that contract' and may not bring a claim for unjust enrichment for issues arising under the contract's subject matter." *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1186 (W.D. Wash. 2010) (quoting *Chandler v. Wash. Toll Bridge Auth.,* 17 Wn.2d 591, 604 (1943)).

AMAZON'S MOTION TO DISMISS
(No. 2:26-cv-00183-SKV) - 10

Duke alleges that the Amazon COU govern this dispute. *See* Compl. ¶¶ 7, 9. Because the parties' relationship is governed by an express contract, the equitable remedy of unjust enrichment is unavailable. *See Minnick*, 683 F. Supp. 2d at 1186 (dismissing unjust enrichment claim where express contract applied). The Court should dismiss Duke's unjust enrichment claim on this basis alone.

Even if it were not barred, Duke's unjust enrichment claim fails on the merits. "A claim for unjust enrichment consists of three elements: (1) a plaintiff conferred a benefit upon the defendant, (2) the defendant had knowledge or appreciation of the benefit, and (3) the defendant's accepting or retaining the benefit without the payment of its value is inequitable under the circumstances of the case." *Austin v. Ettl*, 171 Wn. App. 82, 92 (2012).

Duke did not confer a benefit on Amazon. He does not, and cannot, allege that Amazon retained any alleged overcollections. *See* Compl. ¶¶ 14–25, 62; T.C.A. § 67-6-514. Duke instead alleges that Amazon deliberately over-collected taxes in order to "avoid[] liability for undercollection" and thus benefited by "shifting all financial risk for the collection of correct taxes" onto its customers. *Id.* ¶ 62(a). But that would be equally true even if Amazon applied the tax rate Duke contends is correct, as Duke admits. *Id.* And in any event, the avoidance of speculative future liability is not a benefit conferred on Amazon by Duke. Duke also offers only vague and conclusory allegations that Amazon benefitted from "the possession, use, and time-value of the excessive sales tax," *id.* ¶ 62(b), but does not plausibly allege Amazon benefited from funds that belonged—and were promptly transmitted to—Tennessee. *See Ranalli*, 570 F. Supp. 3d at 309 (dismissing unjust enrichment claim because "[i]t is clear that collection of the sales taxes was not for profit or revenue but rather for basic compliance with the law"). Ultimately, Duke's allegations that Amazon benefitted in any way from allegedly over-collecting sales tax amount to little more than a "formulaic recitation of the elements" of unjust enrichment. *See Iqbal*, 556 U.S. at 678. The Court should therefore dismiss Duke's claim.

### V.  CONCLUSION

For the above reasons, the Court should dismiss Duke's complaint.

AMAZON'S MOTION TO DISMISS
(No. 2:26-cv-00183-SKV) - 11

DATED this 15th day of June, 2026.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendant Amazon.com Services LLC*

By: *s/ John Goldmark*
     John Goldmark, WSBA #40980
     Rachel Herd, WSBA #50339
     Joshua Peck, WSBA #64328
     920 Fifth Avenue, Suite 3300
     Seattle, WA 98104-1610
     Tel: 206-622-3150
     Fax: 206-757-7700
     E-mail: johngoldmark@dwt.com
             rachelherd@dwt.com
             joshpeck@dwt.com

*I certify that this memorandum contains 4,229 words, in compliance with the Local Civil Rules.*

AMAZON'S MOTION TO DISMISS
(No. 2:26-cv-00183-SKV) - 12