THE HONORABLE S. KATE VAUGHAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CULLEN DUKE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a foreign limited liability company,<br><br>Defendant. | NO. 2:26-cv-00183-SKV<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiff Cullen Duke ("Plaintiff"), on personal knowledge and/or on information and belief and/or on the investigation of his counsel, for his first amended class action complaint against Defendant Amazon.com Services LLC ("Amazon" or "Defendant"), alleges as follows:

## I. INTRODUCTION

1. This class action arises from Amazon's conduct as a "marketplace facilitator"—specifically, Amazon's practice of calculating, collecting, and refusing to refund excess sales tax as part of the payment it collects for third-party sellers on purchases made by customers through Amazon's online marketplace. Plaintiff is a Tennessee resident who, during 2024 and 2025, made multiple purchases from third parties through Amazon's marketplace. As part of



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

the services it provides to the third parties for significant profit, Amazon calculated and collected sales tax on Plaintiff's purchases at a rate higher than the rate applicable to his shipping address under Tennessee law. Even after Plaintiff notified Amazon of the incorrect tax collection, Amazon continued to calculate and collect excess sales tax as part of the marketplace services it provided to third-party sellers in exchange for commissions and fees.

2. Under Tennessee law, when third parties sell tangible personal property through Amazon's online marketplace, Amazon, as the "marketplace facilitator," is responsible for refunding any excess sales tax it collects while serving third-party sellers. Tennessee law also requires customers who have been overcharged sales tax in these transactions to seek refunds directly from Amazon. Because Amazon is the only entity from which Plaintiff and the Class members may obtain relief, and because Amazon refuses to refund the excess tax it collected, Plaintiff brings this action on behalf of himself and all similarly situated consumers to recover the overcharges and to stop Amazon's unlawful practices.

## II. PARTIES

3. Plaintiff Cullen Duke ("Plaintiff") is a resident of an unincorporated area outside the municipal boundaries of Kingsport, Tennessee.

4. Defendant Amazon.com Services LLC is a foreign limited liability company with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

## III. JURISDICTION AND VENUE

5. Plaintiff filed this action in the Superior Court of Washington for King County. Amazon removed it to this Court under 28 U.S.C. § 1332(d).

6. This Court has personal jurisdiction over Amazon because it is headquartered in Washington, maintains its principal place of business in this state, conducts extensive business operations throughout Washington, employs thousands of Washington residents, and purposefully avails itself of the privileges and protections of Washington law.

7. Venue is proper in this District under 28 U.S.C. § 1441(a) because this action was removed from the Superior Court of Washington for King County, which lies within this District.



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

8. Plaintiff's First, Second, and Third Claims for Relief are brought under and governed by Washington state law because the acts and omissions alleged originated in Washington, and Washington has a paramount interest in regulating the business practices of companies headquartered and operating within its borders.

9. In addition, Amazon's Conditions of Use expressly provide that the laws of the state of Washington, without regard to principles of conflict of laws, govern any dispute of any sort that might arise between Amazon and Plaintiff and the Class members.[1]

10. Plaintiff's Fourth Claim for Relief is pleaded in the alternative under Tennessee Code § 67-6-538.

## IV. FACTUAL ALLEGATIONS

### A. Amazon handles sales tax for third-party sellers as part of its marketplace services.

11. Amazon owns and operates Amazon.com, the world's largest online marketplace.

12. Amazon acts as a first-party retailer in that marketplace, selling the company's own inventory. But a significant part of Amazon's online business, and corresponding profit, comes from the services that Amazon provides to third-party sellers in its role as a marketplace facilitator.

13. In 2025, Amazon generated more than $172 billion from third-party seller services, approximately 24% of its total worldwide revenue for that year. More than 60% of sales in Amazon's online marketplace are made by third-party sellers, most of which are small and medium-sized businesses. In 2025, third-party sellers in the United States sold more than 4.6 billion items through Amazon's marketplace.

14. As a marketplace facilitator, Amazon contracts with third-party sellers to facilitate sales of tangible personal property on the company's platform. In exchange for commissions and fees, Amazon provides services and benefits to third-party sellers that include

[1] Amazon's Conditions of Use (September 14, 2022).



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

listing and displaying their products; facilitating sales; processing transactions and collecting payments from purchasers; transmitting sales proceeds to sellers; and facilitating returns and refunds in connection with those sales.

15. The services and benefits that Amazon provides to third-party sellers also include handling sales tax. This service involves calculating and collecting sales tax in connection with third-party sales, remitting the collected sales tax to the appropriate state and local tax authorities, and refunding excess sales tax to customers. In its correspondence with Plaintiff, Amazon confirmed that it "calculate[s] taxes on the sellers' behalf."

16. Amazon's handling of sales taxes provides a valuable commercial benefit to third-party sellers by reducing the administrative burdens and expenses associated with calculating, collecting, remitting, and refunding sales taxes on transactions across multiple jurisdictions. On its seller-recruitment website, which urges prospective sellers to "[s]tart selling today" and discloses that "[a] Professional selling account is $39.99/month + selling fees," Amazon answers the question, "Do I need to collect sales tax for selling online?" by assuring prospective sellers that "Amazon handles sales tax in states with marketplace tax laws."[2] As Amazon itself explained in this litigation, its tax-handling services "enabl[e] third-party sellers, many of whom are small businesses, to operate at national scale without individually calculating sales tax on every transaction."[3]

17. The services and benefits that Amazon provides to third-party sellers as a marketplace facilitator, including the handling of sales tax, are undertaken for business purposes, profit, and gain. Amazon does not provide these services free of charge; it charges sellers substantial fees, ranging from 8% to 45%, to sell on its platform.[4] Amazon also benefits from the increased product selection and customer traffic generated by third-party sales,

[2] *See* https://sell.amazon.com/sell-online (last visited Nov. 5, 2026).

[3] Dkt. 37 at 8; *see also* Dkt. 40 at 8 (describing the benefit it provides by "allowing third-party sellers to reach customers nationwide without independently calculating and remitting sales tax for every sale").

[4] *See* Selling on Amazon Fees Guide, https://sellercentral.amazon.com/help/hub/reference/external/G6F7CN3EQS7MEGCN (last visited Nov. 5, 2026).



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

additional advertising opportunities, and operational efficiencies associated with its marketplace's scale.

18. Amazon is not required to act as a marketplace facilitator, but the company chooses to do so because of the substantial revenue and profit that it generates through this line of business. Although Tennessee law requires Amazon to collect and remit sales tax when the company facilitates covered marketplace sales, that obligation arises from its voluntary operation of a commercial marketplace. Amazon's handling of sales tax is an integral part of the marketplace services and benefits it provides to third-party sellers in exchange for commissions and fees.

19. When it chooses to act as a marketplace facilitator for third parties who sell tangible personal property to Tennessee residents through its marketplace, Amazon is acting as a marketplace facilitator under Tennessee law and, as such, is "responsible to calculate, collect, remit, and refund state sales tax on sales sold by third party sellers."[5] Naturally, Amazon's responsibility is to calculate and collect the *correct* amount of sales tax on sales by third-party sellers.[6]

20. Amazon's statement is consistent with Tennessee law, which provides: "When a marketplace seller uses a marketplace facilitator to facilitate sales of tangible personal property . . . the marketplace facilitator is liable for the taxes imposed by this chapter on the sales price of the tangible personal property."[7]

21. While Tennessee law requires Amazon to collect and remit sales tax, including excess tax it collects, it does not require Amazon to collect more than the tax owed. Nor does Tennessee law dictate the systems, data, or processes Amazon uses to determine the rates it charges, how Amazon responds when a customer reports an overcharge, or how Amazon

---

[5] *See Marketplace Tax Collection*, https://www.amazon.com/gp/help/customer/display.html?nodeId=202211260 (visited Dec. 3, 2025) (page later revised); *see also* TN Code § 67-6-102(56) (defining "marketplace facilitator").

[6] *See* TN Code § 67-6-515(d) (relieving marketplace facilitators for failure to collect "the correct amount of taxes" only in limited circumstances).

[7] TN Code § 67-6-501(f).



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

corrects an error once it learns of it. Those are business decisions Amazon makes for its own commercial reasons—including the decision not to issue refunds after learning it collected excess sales tax from Plaintiff and Class members.

**B. Amazon ignored Tennessee's marketplace facilitator sales tax collection rules.**

22. Tennessee law provides that the applicable tax rate for sales made through a marketplace facilitator's marketplace is determined by the location where the purchaser receives the product.[8] In other words, Amazon's responsibility is to collect sales tax "based upon the address to which the tangible personal property or things taxable under this chapter are shipped."[9] Amazon obtains each customer's delivery address directly from the customer when the order is placed.

23. During 2024 and 2025, Plaintiff made several purchases from third-party sellers through Amazon's marketplace. The products were shipped to and received by Plaintiff at his residence, which is located in an unincorporated area of Sullivan County, Tennessee.

24. Plaintiff's residence is classified under local tax jurisdiction SITUS Code 8200. The applicable state sales tax rate for non-food items is 7.00%, and the applicable local sales tax rate is 2.25%, resulting in a total sales tax rate of 9.25%, as shown below:[10]

**State**

| | |
|---|---|
| State Tax (non-food items) | 7.00% |
| State Tax (food items) as of 7/1/2017 | 4.00% |
| State Tax (food items) before 7/1/2017 | 5.00% |
| State FIPS | 47 |

**Local**

| | |
|---|---|
| County | SULLIVAN |
| City | KINGSPORT |
| General Tax Rate | 2.25% |
| Food and Drug Tax Rate | 2.25% |
| County FIPS | 163 |
| City FIPS | |
| Special Tax Jurisdiction FIPS | |
| SITUS Code | 8200 |

---

[8] *See* TN Code §§ 67-6-901(d) and 67-6-902(a)(2).

[9] *See* TN Code § 67-6-515(d)

[10] *See Tennessee Sales Tax Jurisdictional and Tax Rate Database*, Tenn. Dep't of Rev., https://tnmap.tn.gov/sst/sst.html (last visited, Dec. 3, 2025).



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

25. However, for third-party marketplace transactions fulfilled by Amazon, Amazon calculated and collected sales tax at a rate of 9.50% rather than the correct 9.25% based on Plaintiff's shipping address. Amazon presents these charges to consumers as the "Estimated tax to be collected," without disclosing the tax rate applied or the basis for calculating it. This presentation is misleading because it conveys that the entire amount collected is sales tax required by law, even when Amazon charges more than the applicable rate.

26. For example, on October 19, 2024, in a sale Amazon facilitated through its marketplace, Plaintiff purchased a *Proster Wood Moisture Meter* from third-party seller Proster US for $13.45 (Order No. 111-9409912-6368215). The product was shipped to and received by Plaintiff at his residence. While providing marketplace facilitation services to Proster US, Amazon calculated and collected $1.28 in sales tax from Plaintiff, reflecting a rate of 9.50% rather than the correct rate of 9.25% for Plaintiff's tax jurisdiction, as shown below:

| **Items Ordered** | **Price** |
|---|---|
| 1 of: *Proster Wood Moisture Meter - Digital Moisture Detector Moisture Tester, Pin-Type Moisture Detector Damp Tester for Wood Firewood Paper Floor*<br>Sold by: PROSTER US (seller profile)<br>Supplied by: PROSTER US (seller profile)<br>**Business Price**<br>Condition: New | $13.45 |
| **Shipping Address:**<br>Cullen A. Duke<br>[redacted]<br>KINGSPORT, TN 37663-2242<br>United States | |

| | | |
|---|---|---|
| **Payment Method:** | Item(s) Subtotal: | $13.45 |
| Visa ending in [redacted] | Shipping & Handling: | $6.99 |
| | Free Shipping: | -$6.99 |
| | | ----- |
| **Billing address** | Total before tax: | $13.45 |
| Cullen A. Duke | Estimated tax to be collected: | $1.28 |
| [redacted] | | ----- |
| KINGSPORT, TN 37663-2242 | | |
| United States | **Grand Total:** | **$14.73** |
| **Credit Card transactions** | Visa ending in [redacted]: October 12, 2024: | $14.73 |

27. Likewise, on February 4, 2025, in a sale Amazon facilitated through its marketplace, Plaintiff purchased a ten-piece box of *Blue Waterfall 4-in Ceramic Tile* from third-



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

party seller RGRetro for $31.79 (Order No. 111-7163532-6109060). The product was shipped to and received by Plaintiff at his residence. While providing marketplace facilitation services to RGRetro, Amazon calculated and collected $3.02 in sales tax from Plaintiff, reflecting a rate of 9.50% rather than the correct rate of 9.25% for Plaintiff's tax jurisdiction, as shown below:

**Shipped on February 16, 2025**

| **Items Ordered** | **Price** |
|---|---|
| 1 of: *Blue Waterfall 4 in Ceramic Tile 4.25 inch Shower Bathroom Kitchen Backsplash Daltile Color 0169 4x4 Subway Square 10 Piece Box*<br>Sold by: RGRetro (seller profile)<br>Business Price<br>Condition: New | $31.79 |

**Shipping Address:**
Cullen A. Duke
[redacted]
KINGSPORT, TN 37663-2242
United States

**Shipping Speed:**
FREE Shipping

| | |
|---|---|
| Item(s) Subtotal: | $31.79 |
| Shipping & Handling: | $3.57 |
| Free Shipping: | -$3.57 |
| | ----- |
| Total before tax: | $31.79 |
| Sales Tax: | $3.02 |
| | ----- |
| **Total for This Shipment:** | **$34.81** |
| | ----- |

28. On February 18, 2025, in a sale Amazon facilitated through its marketplace, Plaintiff purchased a *Hopkins 39524 Brake Buddy Select Iii* from third-party seller Parts Via for $1,335.70 (Order No. 111-8581370-7857060). The product was shipped to and received by Plaintiff at his residence. While providing marketplace facilitation services to Parts Via, Amazon calculated and collected $126.89 in sales tax from Plaintiff, reflecting a rate of 9.50% rather than the correct rate of 9.25% for Plaintiff's tax jurisdiction, as shown below:



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

**Shipped on February 18, 2025**

**Items Ordered** — **Price**

1 of: *Hopkins 39524 Brake Buddy Select Iii* — $1,335.70
Sold by: Parts Via (seller profile)
Condition: New

**Shipping Address:**
Cullen A. Duke
[redacted]
KINGSPORT, TN 37663-2242
United States

**Shipping Speed:**
Standard Shipping

| | |
|---|---|
| Item(s) Subtotal: | $1,335.70 |
| Shipping & Handling: | $0.00 |
| | ----- |
| Total before tax: | $1,335.70 |
| Sales Tax: | $126.89 |
| | ----- |
| **Total for This Shipment:** | **$1,462.59** |
| | ----- |

29. On February 20, 2025, in a sale Amazon facilitated through its marketplace, Plaintiff purchased a *Blazer International C6304 LED Wireless Magnetic Trailer Towing Light Kit* from third-party seller Crimp Supply Inc. for $101.34 (Order No. 111-5641127-0661009). The product was shipped to and received by Plaintiff at his residence. While providing marketplace facilitation services to Crimp Supply Inc., Amazon calculated and collected $9.63 in sales tax from Plaintiff, reflecting a rate of 9.50% rather than the correct rate of 9.25% for Plaintiff's tax jurisdiction, as shown below:

**Shipped on February 20, 2025**

**Items Ordered** — **Price**

1 of: *Blazer International C6304 LED Wireless Magnetic Trailer Towing Light Kit* — $101.34
Sold by: Crimp Supply Inc (seller profile)
Business Price
Condition: New

**Shipping Address:**
Cullen A. Duke
[redacted]
KINGSPORT, TN 37663-2242
United States

**Shipping Speed:**
Standard Shipping

| | |
|---|---|
| Item(s) Subtotal: | $101.34 |
| Shipping & Handling: | $0.00 |
| | ----- |
| Total before tax: | $101.34 |
| Sales Tax: | $9.63 |
| | ----- |
| **Total for This Shipment:** | **$110.97** |
| | ----- |



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

**C. Amazon acknowledged overcharging Plaintiff but failed to correct the overcharges or issue refunds.**

30. On March 1, 2025, Plaintiff notified Amazon in writing that it was incorrectly charging him excess sales tax on third-party sales and requested a refund. Despite this notice, Amazon continued to calculate and collect sales tax from Plaintiff at the incorrect rate of 9.50% when providing marketplace facilitation services for sales made by third-party sellers through its marketplace.

31. For example, on March 10, 2025, in a sale Amazon facilitated through its marketplace, Plaintiff purchased a pack of four *Snugell Universal CPAP Nasal Mask Liners* from third-party seller Snugell and a pack of four *resplabs CPAP Mask Liners* from third-party seller resplabs for a subtotal of $35.73 (Order No. 111-2646642-1569861). The products were shipped to and received by Plaintiff at his residence. While providing marketplace facilitation services to Snugell and resplabs, Amazon calculated and collected $3.39 in sales tax from Plaintiff, reflecting a rate of 9.50% rather than the correct rate of 9.25% for Plaintiff's tax jurisdiction, as shown below:

| Items Ordered | Price |
|---|---|
| 1 of: *Snugell Universal CPAP Nasal Mask Liners (4-Pack) – Gray - Ultra-Soft Fabric for Major CPAP Nasal Mask Compatibility – Reusable & Washable Cushion Covers for 6-Month Supply – Reduces Skin Irritation*<br>Sold by: Snugell (seller profile)<br>Supplied by: Snugell (seller profile)<br>**Business Price**<br>Condition: New | $16.74 |
| 1 of: *resplabs CPAP Mask Liners Compatible with ResMed AirFit N20 Nasal Masks - Reusable Cushion Covers, Reduces Noisy Air Leaks & Provides Comfort (Large - Pack of 4)*<br>Sold by: resplabs® (seller profile)<br>Supplied by: resplabs® (seller profile)<br>**Business Price**<br>Condition: New | $18.99 |

**Shipping Address:**
Cullen A. Duke
[redacted]
KINGSPORT, TN 37663-2242
United States



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

| | | | |
|---|---|---|---|
| **Payment Method:** | | Item(s) Subtotal: | $35.73 |
| Visa ending in [redacted] | | Shipping & Handling: | $6.99 |
| | | Free Shipping: | -$6.99 |
| **Billing address** | | | ----- |
| Cullen A. Duke | | Total before tax: | $35.73 |
| [redacted] | | Estimated tax to be collected: | $3.39 |
| KINGSPORT, TN 37663-2242 | | | ----- |
| United States | | **Grand Total:** | **$39.12** |
| **Credit Card transactions** | Visa ending in [redacted]: | March 13, 2025: | $39.12 |

32. On March 11, 2025, Amazon's Business Enterprise Tax Division informed Plaintiff that it had reviewed his account and confirmed that "the tax rate that should have been calculated is 9.25%." Amazon requested Plaintiff's order history to process refunds of the excess sales tax, which Plaintiff provided that same day. Amazon then thanked Plaintiff "for submitting the required documents in order for our tax team to rectify the issue" and stated its tax team would work on refunding the additional 0.25% sales tax charges dating back to March 2024.

33. Despite those representations, Amazon failed to issue the requested refunds or correct the tax rate. Plaintiff followed up in writing on March 19 and April 3, 2025, advising Amazon that he had not received the refunds or any substantive update concerning the correction of the tax rate.

34. On May 8, 2025, Amazon reversed course. It attempted to justify its practice of overcharging sales tax while facilitating third-party marketplace sales by stating to Plaintiff: "when an item originates from within the state of Tennessee, the rate that will be charged is associated with the origin of the shipment." Plaintiff responded and explained to Amazon that the applicable tax rate was based on the location of the customer, not the shipment's origin. Plaintiff further warned Amazon that Amazon could be liable for refunding a substantial amount of incorrectly collected municipal sales tax and requested that Amazon "take the time to carefully analyze the Tennessee tax law."

35. On May 17, 2025, having received no response to his May 8 email, Plaintiff again wrote to Amazon, requesting that it respond to his concerns and clarify its position. Amazon did not respond.

**D. Amazon now quotes the correct tax rate when facilitating third-party sales to Plaintiff.**

36. Amazon acknowledges Tennessee's marketplace facilitator tax collection rules apply to third-party sales that Amazon facilitates through its marketplace. Yet Amazon knowingly and intentionally calculated and collected sales tax at rates that exceeded those allowed under the law while facilitating marketplace sales, then refused, and continues to refuse, to issue refunds.

37. Recent changes to Amazon's practices suggest that Amazon recognizes it overcharged Plaintiff and Class members. Amazon now correctly estimates sales tax at the proper 9.25% rate on marketplace transactions shipped to Plaintiff's residence, including transactions involving the same third-party sellers whose prior transactions were taxed at the incorrect 9.50%.[11]

38. For example, on October 19, 2024, Amazon charged Plaintiff $1.28 in sales tax on a $13.45 product from third-party seller Proster US, a rate of 9.50%. On November 5, 2026, Amazon's checkout page estimated tax of $10.27 on a $110.99 product from Proster US shipped to Plaintiff's residence, a rate of 9.25%:




[11] The tax Amazon estimates at checkout is the tax it charges. For Plaintiff's March 10, 2025, order, for example, Amazon estimated tax of $3.39 on the $35.73 subtotal, and Plaintiff's card was charged $39.12 ($35.73 subtotal + $3.39 tax = $39.12 charge).


EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

39. Likewise, on February 18, 2025, Amazon charged Plaintiff $126.89 in sales tax on a $1,335.70 product from Parts Via, a rate of 9.50%. On November 5, 2026, Amazon's checkout page estimated tax of $25.95 on a $280.59 product from Parts Via shipped to Plaintiff's residence, a rate of 9.25%:




40. Amazon's checkout page now estimates tax at 9.25% on products from every other third-party seller on whose sales Amazon previously charged Plaintiff 9.50%: RGRetro, Crimp Supply Inc., Snugell, and resplabs.

41. Amazon's checkout estimates show that its systems now identify 9.25% as the correct rate for Plaintiff's address on marketplace transactions. Yet even now, with this lawsuit pending, Amazon has refused to refund the excess sales tax it charged Plaintiff and Class members while facilitating marketplace transactions, even though its own records identify the delivery address and tax charged on every affected sale.

42. Amazon refuses to refund past overcharges to Plaintiff and Class members for the purpose of increasing its profits and other business-related gains because providing refunds would require Amazon to bear the cost of identifying the affected transactions and paying



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

those refunds.[12] It would also require Amazon to acknowledge a systemic error in the tax services it provides to third-party sellers, which could create liability for Amazon and result in further costs.

43. Amazon's practice of calculating, collecting, and refusing to refund excess sales tax it collected from Plaintiff and Class members while facilitating third-party sales is unfair and deceptive.

**E. Amazon is the only entity from which Plaintiff and Class members can seek relief.**

44. Under Tennessee law, Amazon is responsible for calculating and collecting the correct state and local sales tax rate while facilitating sales made by third-party marketplace sellers through Amazon's marketplace.[13]

45. Plaintiff and Class members are unable to seek relief from any entity other than Amazon for the excess sales tax Amazon calculates and collects while facilitating sales made by third-party marketplace sellers through Amazon's marketplace. This is because Tennessee law allows a consumer to file a refund claim for unauthorized sales tax amounts directly with the Tennessee Department of Revenue only in very limited circumstances, and the amount sought must be greater than $2,500.[14]

46. Because the aggregate amount of excess sales tax that Amazon collected from Plaintiff while facilitating third-party sales is less than $2,500, Plaintiff attempted to seek relief from Amazon directly.

47. Amazon, however, has refused to refund the excess sales tax it collected from him and the Class members while facilitating sales made by third-party marketplace sellers

---

[12] Tennessee law expressly makes marketplace facilitators liable for collecting "the correct amount of taxes," TN Code § 67-6-515(d), and Amazon expressly held itself out "[a]s the marketplace facilitator, . . . responsible to calculate, collect, remit, and refund state sales tax on sales sold by third party sellers," *see Marketplace Tax Collection*, https://www.amazon.com/gp/help/customer/display.html?nodeId=202211260 (visited Dec. 3, 2025) (page later revised).

[13] *See* TN Code § 67-6-501(f).

[14] *See* TN Code § 67-1-1802(e)(2) (permitting direct refund claims to the Department of Revenue only if the claim amount exceeds $2,500).



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

through Amazon's marketplace. Thus, Plaintiff has no recourse other than to bring this action against Amazon.

48. During the class period, Amazon collected more than $2 billion in sales tax while facilitating sales to Tennessee residents made by third-party marketplace sellers through Amazon's marketplace.[15] Assuming Amazon collected sales tax at an average rate of 9.50%, a 0.25-percentage-point overcharge on half the underlying taxable sales revenue would result in more than $26 million in excess sales tax subject to refund.[16] If the overcharge applied to one-quarter or one-tenth of that revenue, the sales tax subject to refund would exceed $13 million or $5 million, respectively.[17]

## V. CLASS ALLEGATIONS

49. Class Definition. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on behalf of a Class defined as follows:

> All Amazon customers who, on or after December 12, 2021, purchased tangible personal property from marketplace sellers through Amazon's marketplace for which Amazon collected sales tax at a rate higher than the rate applicable to the customer's shipping address as set forth in Tennessee's Sales Tax Jurisdictional and Tax Rate Database, and whose aggregate excess sales tax paid to Amazon does not exceed $2,500.[18]

Excluded from the Class are Amazon, its parents, subsidiaries, affiliates, officers, directors, legal representatives, predecessors, successors, assigns, and employees, and all judges assigned to hear any aspect of this litigation, as well as their staff and immediate family members.

---

[15] *See* Dkt. 30 ¶ 2.

[16] $2,000,000,000 ÷ 0.095 x 0.0025 x (1/2) = $26,315,789. In briefing on Plaintiff's motion for remand, the parties used incorrect formulas to calculate potential damages. Specifically, they applied the excess sales tax rate (e.g., 0.25%) directly to the approximately $2 billion in sales taxes collected, rather than to the underlying sales revenue. To calculate the underlying sales revenue, the amount of sales tax collected must first be divided by the average sales tax rate (e.g., 9.50%), and the resulting amount must then be multiplied by the excess sales tax rate (e.g., 0.25%).

[17] $2,000,000,000 ÷ 0.095 x 0.0025 x (1/4) = $13,157,895; $2,000,000,000 ÷ 0.095 x 0.0025 x (1/10) = $5,263,158.

[18] *See* Sales Tax Jurisdictional and Tax Rate Database, Tenn. Dep't of Rev., https://tnmap.tn.gov/sst/sst.html (last visited Dec. 3, 2025).



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

50. Numerosity: Amazon routinely collects sales tax from customers while facilitating sales made by third-party marketplace sellers to Tennessee residents through Amazon's marketplace. Although the exact number of Class members can only be ascertained through discovery, Plaintiff believes that Amazon has collected excess sales tax from more than 40 purchasers in Tennessee during the relevant period.

51. Commonality: There are numerous questions of law and fact common to Plaintiff and Class members, including, but not limited to, the following:

a. Whether Plaintiff and Class members purchased tangible personal property from third-party marketplace sellers on Amazon's marketplace;

b. Whether Amazon failed to implement proper tax-sourcing procedures for its facilitation of sales made by third-party marketplace sellers to Tennessee residents through Amazon's marketplace;

c. Whether Amazon engaged in a common course of calculating and collecting sales tax at rates higher than those legally applicable to Plaintiff and Class members while facilitating sales made by third-party marketplace sellers through Amazon's marketplace;

d. Whether Amazon refused to refund excess sales tax it collected from Plaintiff and Class members after learning of the overcharges;

e. Whether this common course of conduct is unfair;

f. Whether this common course of conduct is deceptive;

g. Whether this common course of conduct impacts the public interest;

h. Whether this common course of conduct occurs in the conduct of any trade or commerce;

i. Whether this common course of conduct has injured Plaintiff and Class members;

j. Whether Amazon's actions breached a duty of good faith and fair dealing owed to Plaintiff and Class members;



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

k. Whether Plaintiff's pre-suit written notices to Amazon satisfied the notice requirements of TN Code § 67-6-538 on behalf of all Class members;

l. Whether Plaintiff's original complaint satisfied the notice requirements of TN Code § 67-6-538 on behalf of all Class members;

m. Whether a declaratory judgment and injunctive relief are warranted to ensure Amazon does not in the future charge excess sales tax on sales made by marketplace sellers through Amazon's marketplace;

n. Whether Plaintiff and Class members are entitled to actual damages, exemplary damages, restitution, refunds, or other monetary relief; and

o. The nature and extent of classwide injury and the proper measure of damages or other monetary relief owed to Plaintiff and Class members.

52. Typicality: Plaintiff's claims are typical of the claims of the Class members because Plaintiff, like all Class members, purchased tangible personal property from third-party marketplace sellers through Amazon's marketplace and Amazon, while facilitating those sales, improperly calculated and collected excess sales tax from Plaintiff and refused to refund it. Furthermore, the factual bases of Amazon's common course of calculating, collecting, and refusing to refund excess sales tax resulting in injury are common to Plaintiff and Class members.

53. Adequacy: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have interests that are contrary to or conflict with those of the Class.

54. Superiority: A class action is the superior method for fairly and efficiently adjudicating this controversy. The Class members' damages or other financial detriments are relatively small compared to the burden and expense required to individually litigate their claims; absent a class action, Class members likely would find the cost of litigating their claims



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

prohibitive. Furthermore, even if Class members could afford individual litigation, class treatment is superior because it conserves judicial resources and promotes consistency and efficiency of adjudication. Moreover, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court. There will be no significant difficulty in the management of this case as a class action. The Class members and the tax rates they were charged are readily identifiable from Amazon's records.

## VI. FIRST CLAIM FOR RELIEF

## (Unfair Acts or Practices in Violation of Chapter 19.86 RCW)

55. Plaintiff and Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

56. Plaintiff, the Class members, and Amazon are "persons" within the meaning of the Washington Consumer Protection Act. RCW 19.86.010(1).

57. Amazon's common course of calculating, collecting, and refusing to refund excess sales tax from Plaintiff and Class members while facilitating third-party sales on the company's marketplace constitutes unfair acts or practices within the meaning of the Washington Consumer Protection Act. It is unfair of Amazon to calculate and collect from consumers, including Plaintiff and Class members, amounts that exceed those allowed by law, and then refuse to refund them after learning of the overcharges.

58. Amazon's common course of calculating, collecting, and refusing to refund excess sales tax from Plaintiff and Class members while facilitating third-party sales on the company's marketplace occurred in trade or commerce within the meaning of the Washington Consumer Protection Act. These activities are part of the marketplace services Amazon provides to third-party sellers in exchange for commissions and fees, for the purpose of increasing its profits and other business gains. Amazon's refusal to refund known overcharges is likewise a business decision aimed at avoiding the expense of identifying affected transactions and paying refunds, thereby increasing its profits.



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

59. Amazon's common course of calculating, collecting, and refusing to refund excess sales tax from Plaintiff and Class members while facilitating third-party sales on the company's marketplace impacts the public interest because it has injured Plaintiff and Class members, had the capacity to injure other persons, and continues to have the capacity to injure other persons.

60. As a direct and proximate result of Amazon's unfair acts or practices, Plaintiff and Class members have suffered an injury in fact and lost money.

61. Plaintiff and Class members are entitled to legal relief against Amazon, including recovery of actual damages, exemplary damages, attorneys' fees, costs of suit, and such further relief as the Court may deem appropriate.

62. Plaintiff and Class members are also entitled to injunctive relief in the form of an order prohibiting Amazon from collecting excess sales tax from consumers in Tennessee.

## VII. SECOND CLAIM FOR RELIEF

### (Deceptive Acts or Practices in Violation of Chapter 19.86 RCW)

63. Plaintiff and Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

64. Plaintiff, the Class members, and Amazon are "persons" within the meaning of the Washington Consumer Protection Act. RCW 19.86.010(1).

65. Amazon's common course of calculating, collecting, and refusing to refund excess sales tax from Plaintiff and Class members while facilitating third-party sales on the company's marketplace constitutes deceptive acts or practices within the meaning of the Washington Consumer Protection Act. When consumers initiate purchases from third-party sellers through Amazon's marketplace, Amazon calculates these charges and presents them to consumers as the "[e]stimated tax to be collected," without disclosing the tax rate applied or the basis for calculating it. This presentation has the capacity to mislead reasonable consumers into believing the entire amount is legally required, even when it exceeds the applicable tax rate, leaving them no reason to question the charge or request a refund.



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

66. Amazon also represents that it is "responsible to calculate, collect, remit, and refund state sales tax on sales sold by third party sellers," yet refuses to refund excess sales tax after learning of the overcharges.

67. Amazon's common course of calculating, collecting, and refusing to refund excess sales tax from Plaintiff and Class members while facilitating third-party sales on the company's marketplace occurred in trade or commerce within the meaning of the Washington Consumer Protection Act.

68. Amazon's common course of calculating, collecting, and refusing to refund excess sales tax from Plaintiff and Class members while facilitating third-party sales on the company's marketplace impacts the public interest because it has injured Plaintiff and Class members, had the capacity to injure other persons, and continues to have the capacity to injure other persons.

69. As a direct and proximate result of Amazon's deceptive acts or practices, Plaintiff and Class members have suffered an injury in fact and lost money.

70. Plaintiff and Class members are entitled to legal relief against Amazon, including recovery of actual damages, exemplary damages, attorneys' fees, costs of suit, and such further relief as the Court may deem appropriate.

71. Plaintiff and Class members are also entitled to injunctive relief in the form of an order prohibiting Amazon from collecting excess sales tax from consumers in Tennessee.

## VIII. THIRD CLAIM FOR RELIEF

### Breach of Implied Duty of Good Faith and Fair Dealing

72. Plaintiff and Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

73. There is in every contract an implied duty of good faith and fair dealing that obligates the parties to cooperate with each other so that each may obtain the full benefit of performance.



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

74. The duty of good faith and fair dealing arises in connection with the terms agreed to by the parties.

75. Each of Plaintiff's and Class members' purchases was made under a contract with Amazon governed by Amazon's Conditions of Use, under which Plaintiff and Class members paid the order total Amazon presented, including the amount Amazon calculated as sales tax. The Conditions of Use direct customers to Amazon's "other policies, such as our pricing policy, posted on this site," and provide that "[t]hese policies also govern your use of Amazon Services."[19]

76. Amazon's Marketplace Tax Collection page, which appears in the "Payment, Pricing and Promotions" section of Amazon's help pages, was among those policies. Its statement that Amazon is "responsible to calculate, collect, remit, and refund" sales tax was therefore a term of the parties' contract and, at a minimum, defines the parties' reasonable expectations about how Amazon will exercise its discretion in calculating the tax component of the sales price.[20]

77. The conduct of Amazon described in this complaint violated the implied duty of good faith and fair dealing, including because Amazon exercised discretion and performed its contractual obligations in bad faith and in a manner that denied Plaintiff and Class members the benefit of their bargains and prevented them from attaining their reasonable expectations.

78. As a direct and proximate result of Amazon's wrongful conduct, Plaintiff and Class members have been damaged in an amount to be proven at trial.

## IX. FOURTH CLAIM FOR RELIEF (IN THE ALTERNATIVE)

### Refunds under TN Code § 67-6-538

79. Plaintiff and Class members reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

---

[19] Amazon's Conditions of Use (September 14, 2022).

[20] *Marketplace Tax Collection*, https://www.amazon.com/gp/help/customer/display.html?nodeId=202211260 (visited Dec. 3, 2025) (page later revised);



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

80. Under Tennessee law, a cause of action accrues against an entity that has "over-collected sales or use taxes" when (1) "a purchaser has provided a written notice of the over-collection and a request for a refund to" the entity, (2) the notice contains "information necessary to determine the validity of the request," and (3) the entity has had 60 days to respond. TN Code § 67-6-538(d).

81. On March 1, 2025, Plaintiff sent a written notice of over-collection and request for refund to Amazon, which stated in relevant part: "Amazon has charged . . . 9.50% state, county AND LOCAL tax on purchases delivered to MY DOOR outside the Kingsport city limits. The sales tax database to which Amazon's tax department subscribes for applicable tax rates has an error in including my address as within the Kingsport city limits. A review of the map of Kingsport and the surrounding area will show that my physical delivery address (i.e. my residence) is NOT within the city limits . . . . I hereby request a refund of the incorrect extra 0.25% city sales tax that was billed to me . . . . Please issue a refund and submit whatever needs to be submitted to have your sales tax database corrected so that I am charged the correct amount of only 9.25% total sales tax on future orders."

82. Plaintiff had several more written communications with Amazon in which he notified Amazon of the company's over-collection of sales taxes in support of his refund request and provided information necessary to determine the validity of the request, including a list of all his orders for the preceding twelve months, which he sent at Amazon's request on March 11, 2025. Amazon acknowledged receiving that information, thanking Plaintiff "for submitting the required documents in order for our tax team to rectify the issue."

83. During these exchanges, Amazon informed Plaintiff: "we calculate taxes [based on] where the item was shipped from."

84. On May 8, 2025, in response to Amazon's statement about calculating taxes based on the location from which an item ships, Plaintiff told Amazon that "[i]f Amazon has actually been collecting sales tax at 9.50% [from] every customer in Tennessee on items shipped from Amazon's Tennessee fulfillment center, Amazon could be liable for refunding a



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

substantial amount of incorrectly collected municipal sales tax to customers residing outside of any city" in Tennessee "if all those customers banded together and filed a legal claim for refund of the incorrect overcharges." He added, "I hope that you will carefully read through this and take the time to carefully analyze the Tennessee tax law to see that I am correct."

85. Amazon did not respond to Plaintiff's May 8, 2025, email.

86. On December 12, 2025, Plaintiff filed a class action lawsuit against Amazon on behalf of the Class. In his original complaint, Plaintiff provided written notice of Amazon's over-collection of sales tax and requested a refund for himself and Class members. Plaintiff's complaint provided Amazon the information necessary to determine the validity of the request.

87. It has been more than 60 days since Plaintiff provided written notice of Amazon's over-collection of sales tax from Tennessee residents and a request for a refund of those excess sales taxes that contained information necessary to determine the validity of the request.

88. Amazon is liable to Plaintiff and Class members in an amount equal to the excess sales tax that Amazon has collected from them.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class members, prays for the following relief and judgment against Amazon, as follows:

A. An order certifying the proposed Class, appointing Plaintiff as Class representative, and appointing the undersigned attorneys as Class counsel;

B. An order declaring Amazon's conduct complained of herein violated Washington law;

C. An order enjoining Amazon from charging or resuming to charge Plaintiff and the Class members sales tax rates higher than the applicable rates and granting such other injunctive relief as the Court deems necessary or appropriate;

D. An order awarding restitution and such other forms of equitable monetary relief;

E. An award of actual and exemplary damages, as permitted by law;



EDGE, A PROFESSIONAL LAW CORP.
981 Mission Street 20
San Francisco, California 94103
TEL. 415.515.4809
www.edgelitigation.com

TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
TEL. 206.816.6603 · FAX 206.319.5450
www.terrellmarshall.com

F. An award of attorneys' fees and costs, as permitted by law;

G. An award of pre- and post-judgment interest, as permitted by law; and

H. Such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED AND DATED this 6th day of November, 2026.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Toby J. Marshall, WSBA #32726
Toby J. Marshall, WSBA #32726
Email: tmarshall@terrellmarshall.com
Eric R. Nusser, WSBA #51513
Email: eric@terrellmarshall.com
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
Telephone: (206) 816-6603

Daniel A. Rozenblatt, *Admitted Pro Hac Vice*
Email: daniel.rozenblatt@edge.law
EDGE, A PROFESSIONAL LAW CORPORATION
981 Mission Street 20
San Francisco, California 94103
Telephone: (415) 515-4809

*Attorneys for Plaintiff*